**COMMONWEALTH of Kentucky, by and on relation of J. E. LUCKETT, Commissioner of Revenue, Appellant,**

v.

**Joe T. MONSON, Harrison County Property Valuation Administrator (formerly County Tax Commissioner) Cynthiana, Kentucky, Appellee.**

Court of Appeals of Kentucky.

Feb. 5, 1971.

See also Ky., 465 S.W.2d 717.

William S. Riley, Cyril E. Shadowen and Alex W. Rose, Dept. of Revenue, Frankfort, for appellant.

Wayne Fitzgerald, Cynthiana, for appellee.

CULLEN, Commissioner.

The Commonwealth, on relation of the Commissioner of Revenue, brought action in the Franklin Circuit Court against the property valuation administrator of Harrison County, seeking an order directing the defendant administrator "to immediately assess all property in Harrison County, Kentucky at 100 percent of its fair cash value as of January 1, 1970." The complaint alleged that the defendant administrator "has willfully disregarded and continues to willfully disregard the instruction, direction, and orders, of the Department of Revenue and has willfully assessed property in Harrison County, Kentucky at substantially less than fair cash value and continues to allow said property to remain assessed at substantially less than fair cash value and has willfully refused and continues to willfully refuse to assess said property at 100 percent of fair cash value as of January 1, 1970."

Before any responsive pleading had been filed, the Commonwealth moved for an order directing the defendant administra-

tor to "forthwith" assess the property of his county at fair cash value. A hearing on that motion was commenced, but before the first witness had completed his testimony the circuit court, on its own motion, entered judgment dismissing the complaint on the ground that "the relief sought is not authorized by law."

The Commonwealth has appealed from the judgment of dismissal.

■ The duty of a property valuation administrator to assess the taxable property of his county at full fair cash value is clear. See KRS 132.450, Russman v. Luckett, Ky., 391 S.W.2d 694. And in performing that duty the administrator is subject to the direction, instruction and supervision of the Department of Revenue. KRS 132.420(1). The law intends that the duty be performed and a failure to do so, much less a willful refusal, is not to be tolerated.

■ The controlling question in this case, however, is not whether the duty exists, but the extent to which resort may be made to the courts for aid in coercing performance of the duty. It is clear that the primary purpose of the Department of Revenue in causing the instant action to be brought was, by invoking the injunctive powers of the court, to obtain the benefit of the attendant coercive power of contempt orders.

The complaint in the instant case seeks in effect a mandatory injunction—an equity process—and thus there applies the standard rule that the plaintiff must show the lack of adequate remedy at law. The complaint makes no allegation at all of lack of other adequate remedy. This alone could justify the dismissal of the complaint. Further justification for the dismissal is found in the existence of other remedies of which we can take judicial notice, and of which the Department makes no showing of inadequacy.

Provision is made in KRS 132.620 for withholding of compensation due a prop-erty valuation administrator in the event of his failure of performance of his duties. Under KRS 61.120 there is general authority for deduction of salary of any officer paid by the state or a county, for failure to perform his duties. KRS 132.370 (3) authorizes removal of a property valuation administrator from office for willful disobedience of an order of the Department of Revenue or for misfeasance, malfeasance or willful neglect of duty.

The foregoing statutes represent the legislature's selection of remedies, of coercion or punishment, for failure or refusal by a property valuation administrator to perform his duties. Absent a showing that those remedies are inadequate, the courts should not interpose their equity powers. The law does not contemplate that the courts shall constitute a policing or enforcement agency to be used at the mere request of administrative departments.

The judgment is affirmed.

All concur.