Teresa SHEFFIELD, Monroe County Clerk, Appellant,

v.

Wilber GRAVES, County Judge/Executive; and Monroe County Fiscal Court, Appellees.

and

David G. Jones, County Judge/Executive; and Ohio County Fiscal Court, Appellants,

v.

Bess T. Ralph, Ohio County Clerk, Appellee.

Nos. 2009–CA–000338–MR, 2009–CA–001213–MR.

Court of Appeals of Kentucky.

June 18, 2010.

Rehearing Denied Aug. 18, 2010.

Discretionary Review Denied by Supreme Court May 11, 2011.

Julius Rather (argued), Lexington, KY, for appellant Teresa Sheffield.

Lawrence H. Belanger (argued), Louisville, KY, for appellees Wilber Graves, County Judge/Executive; and Monroe County Fiscal Court.

Stacey A. Blankenship (argued), Paducah, KY, for appellants David G. Jones, Ohio County Judge/Executive; and Ohio County Fiscal Court.

Julius Rather (argued), Lexington, KY, for appellee Bess T. Ralph.

Before NICKELL, STUMBO, and WINE, Judges.

## OPINION

WINE, Judge:

These consolidated appeals are taken from judgments of the Monroe Circuit Court and the Ohio Circuit Court. At issue is the effect of amendments to Kentucky Revised Statutes ("KRS") 64.530(3) and 186.040(6) on the relationship between the fiscal courts and the county clerks. Teresa M. Sheffield, the Monroe County Clerk, and Bess T. Ralph, the Ohio County Clerk, filed suit against their respective county judge/executives and fiscal courts, arguing that the statutory revisions released them from the financial control of the fiscal courts. The Monroe Circuit Court ruled in favor of the judge/executive and fiscal court, and the Ohio Circuit Court ruled in favor of the county clerk. Having reviewed the records and pertinent statutes, we affirm the judgment of the Monroe Circuit Court and reverse the judgment of the Ohio Circuit Court.

The powers of the fiscal court are defined in KRS 67.080 and KRS 67.083. KRS 67.080(1)(c) provides that the fiscal court may "[r]egulate and control the fiscal affairs of the county" and KRS 67.080(2)(a) provides that the fiscal court shall "[a]ppropriate county funds, according to the provisions of KRS 68.210 to 68.360, for purposes required by law[.]" Under KRS 64.152, the county clerk must provide to the fiscal court an annual financial statement and pay to the fiscal court any excess annual income:

(1) In counties containing a population of less than seventy-five thousand (75,000), the county clerk shall provide to the fiscal court by March 15 of each year

a complete statement for the preceding calendar year of all funds received by his office in an official capacity or for official services, and of all expenditures of his office, including his salary, compensation of deputies and assistants, and reasonable expenses.

(2) At the time of filing the statement required by subsection (1) of this section, the clerk shall pay to the fiscal court any income of his office, including income from investments, which exceeds the sum of his maximum salary as permitted by the Constitution and other reasonable expenses, including compensation of deputies and assistants. The settlement for excess fees shall be subject to correction by audit conducted pursuant to KRS 43.070 or 64.810, and the provisions of this section shall not be construed to amend KRS 64.820.

KRS 64.152(1), (2).

KRS 64.530 governs how the fiscal court controls the compensation of county officers and employees. In 2006, the General Assembly revised the statute by adding one sentence. The interpretation of that sentence is the crux of this appeal. It is highlighted in bold below:

(1) Except as provided in subsections (5) and (6) of this section, the fiscal court of each county shall fix the compensation of every county officer and employee except the officers named in KRS 64.535 and the county attorney and jailer. The fiscal court may provide a salary for the county attorney.

. . . .

(3) In the case of officers compensated from fees, or partly from fees and partly by salary, the fiscal court shall fix the maximum compensation that any officer except the officers named in KRS 64.535 may receive from both sources. The fiscal court may also fix the maximum amount that the officer may expend each year for expenses of his office. The fiscal court shall fix annually the maximum amount, including fringe benefits, which the officer may expend for deputies and assistants, and allow the officer to determine the number to be hired and the individual compensation of each deputy and assistant. **Any revenue received by a county clerk in any calendar year shall be used exclusively for the statutory duties of the county clerk and budgeted accordingly.** At the conclusion of each calendar year, any excess fees remaining shall be paid to the fiscal court pursuant to KRS 64.152.

KRS 64.530(1), (3) (emphasis added).

Revisions were also made in 2006 to KRS 186.040, the statute which governs the issuance and renewal of certificates of registration for vehicles, and the payment of registration fees to the county clerks. The revisions provided for the collection of additional fees:

(6) Notwithstanding any other provision of law, in addition to the registration fee provided for county clerks in subsections (1) and (3) of this section, an additional three dollars ($3) per registration shall be collected by the county clerk at the time of registration. This additional fee shall be distributed as follows:

(a) One dollar ($1) shall be placed in an agency fund to provide additional funds exclusively for technological improvements or replacement of the AVIS system. The operation and maintenance of AVIS shall remain as currently provided for from the operational budget of the Transportation Cabinet and shall not be reduced below the 2005–2006 funding level;

(b) One dollar ($1) shall be placed in an agency trust fund to provide funds exclusively for technological improvements to the hardware and software in county clerk offices related to the

collection and administration of road fund taxes. The Transportation Cabinet, in consultation with county clerks, shall allocate funds as necessary from this fund to be used for this exclusive purpose; and

(c) One dollar ($1) shall be placed in a trust fund to be maintained by the Transportation Cabinet to provide an unrestricted revenue supplement, for operations of the office related to the collection and administration of road fund taxes, to county clerk offices in counties containing a population of less than twenty thousand (20,000), as determined by the decennial census, and for no other purpose. Annually, by March 1, the Transportation Cabinet shall calculate the amount collected in the previous calendar year and distribute the entire fund proportionate to each county that qualifies under this paragraph based on population. This revenue shall be considered current year revenue when paid to the clerk and shall not be identified as excess fees from the previous year.

KRS 186.040(6).

Sheffield and Ralph, the Monroe and Ohio County Clerks, filed almost identical complaints in their respective circuit courts, seeking declaratory judgments. The complaint in each case alleged that the fiscal court had starved the office of the county clerk of the funds necessary to provide adequate services to the citizens of the county. The complaints contended that the new language added to KRS 64.530(3)("Any revenue received by a county clerk in any calendar year shall be used exclusively for the statutory duties of the county clerk and budgeted accordingly.") entitled the county clerk to retain all of the fees she had collected, with no control over those fees by the fiscal court. For example, Sheffield claimed that the $60,610.19

which had been collected as a result of the additional fees imposed under the amendment of KRS 186.040(6)(c), should be treated as an "unrestricted revenue supplement" for the county clerk. In essence, the county clerks argued that the added language in KRS 64.530(3) had negated the powers of the fiscal courts set forth in the previous sentence of that subsection—namely, to fix the compensation of the deputies and expenses of the county clerk's office.

The Monroe Circuit Court entered judgment in favor of the defendants, construing the new language within the context of the original language of KRS 64.530(3) itself, and in relation to the other statutes governing the fiscal court and county clerks. The Monroe Circuit Court concluded,

that it was the intendment of the Legislature for the county clerk to exclusively use the funds provided under KRS 186.040(6) in furtherance of the statutory duties of that office and to exclude the utilization of the funds for other uses. Alternatively, the Court is of the opinion that KRS 64.530(1), KRS 64.535, KRS [sic], KRS 64.152(1), KRS 64.152(2) and KRS 67.080 contains [sic] express and positive language relating to the working relationship between the fiscal court and the county clerk as contrasted with the general and obfuscating language contained in KRS 64.530(3) as amended.

By contrast, the Ohio Circuit Court based its decision on what it deemed to be a plain reading of the new language, finding it to be "very plain, simple, and understandable." It concluded that the legislature,

gave the County Clerk the power and right to use the revenue received by the Clerk's Office for the statutory duties of the County Clerk. The only restraints on the use of that money are that it must be used for those statutory duties

required of the Clerk's Office and within her office's budget. Quite frankly, nothing could be plainer than the language of this statute.

These appeals followed.

Because the construction and application of statutes is a question of law, it is subject to *de novo* review on appeal. *See Bob Hook Chevrolet Isuzu, Inc. v. Com., Transportation Cabinet,* 983 S.W.2d 488, 490 (Ky.1998).

▮ The Monroe County Clerk argues that the circuit court's ruling in favor of the fiscal court in her case was erroneous because the court focused too much attention on attempting to harmonize the new language in KRS 64.530(3) with the existing language of the statute and with other statutes. She argues that it also erred in its alternative ruling that the additional language was "obfuscating" and that the express and positive language in the other statutes should prevail. She contends that the new words of the statute are clear, unambiguous, and expressive of the legislative intent, and that in such a case, the statute must be accepted as written. She further argues that the new language in KRS 64.530(3) can be reconciled with KRS 64.152(1). In her view, the county clerk would continue to submit her budget to the fiscal court, and to pay her staff their wages. The fiscal court, however, would no longer be empowered to set the expenses of the clerk's office and salaries of her deputies. If the fiscal court wished to challenge any expenditures of the clerk, its only recourse would be a legal action based on the claim that the county clerk's expenditures were not within the statutory duties of her office. The fiscal court's access to the courts would serve as a system of "checks and balances" in the new statutory relationship between the fiscal court and the county clerk. In effect, Sheffield is asking us to repeal by implication those portions of KRS 64.530 and

KRS 64.152 which appear to be out of harmony with the new language.

The Ohio County appellants argue that the circuit court's order in their case should be reversed because the new language must be considered in the context of the other statutes governing the relationship between the county clerks and the fiscal courts, and also within the context of KRS 64.530(3) itself. In the very next sentence of that subsection, for example, the statute provides that any excess fees collected by the clerk are to be returned to the fiscal court, presumably to be used for purposes other than the statutory duties of the county clerk.

In our view, although the additional language is not ambiguous when it is read in isolation, it does not readily harmonize with the rest of the statute. In such a situation, the Kentucky Supreme Court has stated that:

Although this Court and the Court of Appeals have held that a later enacted statute generally controls, *see e.g., Brown v. Hoblitzell,* 307 S.W.2d 739 (Ky. 1956); *Williams v. Commonwealth,* 829 S.W.2d 942, 944 (Ky.App.1992), this Court has also recognized that "[w]here there is an apparent conflict between statutes or sections thereof, it is the duty of the court to try to harmonize the interpretation of the law so as to give effect to both sections or statutes if possible." *Ledford v. Faulkner,* 661 S.W.2d 475, 476 (Ky.1983). Furthermore, this Court presumes that the Legislature knew of pre-existing statutes when it enacted a later statute on the same subject matter. *See Shewmaker v. Commonwealth,* 30 S.W.3d 807 (Ky.App. 2000).... In short, courts must use repeal by implication as a last resort when the repugnancy of the conflict can admit no other reasonable construction. *See Kentucky Off–Track Betting, Inc. v. McBurney,* 993 S.W.2d 946 (Ky.1999).

*Osborne v. Commonwealth,* 185 S.W.3d 645, 649 (Ky.2006).

We have applied these principles to come to the conclusion that the revised language of KRS 64.530(3) does not release the county clerk from the financial control of the fiscal court. It simply means that revenue received by the county clerk may be used only to fulfill her statutory duties and for no other purpose. If the alternative interpretation advocated by the Ohio County Clerk were adopted, the sentences preceding the contested passage in KRS 64.530(3), which empower the fiscal court to set the compensation and expenses for the county clerks, would be rendered meaningless. Similarly, the provisions of KRS 64.152(1) which require the county clerk to submit an annual financial statement and any excess income to the fiscal court would become largely an unnecessary formality. If the General Assembly had intended to effect such a dramatic alteration in the "the traditional role of fiscal courts in setting legislative and fiscal policy[,]" *Fiscal Court of Taylor County v. Taylor County Metro Police,* 805 S.W.2d 113, 115 (Ky.1991), it would have revised these other subsections to reflect such an intent. "Although repeal by implication is recognized, there is also a presumption that if the Legislature intended a subsequent act to repeal a former one, it will express itself to that end so as to leave no doubt about its purpose." *Osborne v. Commonwealth, supra,* at 649.

Accordingly, the opinion and order of the Monroe Circuit Court is affirmed and the judgment of the Ohio Circuit Court is reversed.

ALL CONCUR.