339 S.W.3d 472 (2010)
KENTUCKY EXECUTIVE BRANCH ETHICS COMMISSION, Appellant,
v.
Betty ATKINSON; Bradford S. Bailey; Phillip R. Mobley; Joyce Parker; Vicky M. Reynolds; Julie R. Shields; Roger W. Tomes; Renee T. True; Ron G. Winters; Felicia M. Wooten; and James D. Wooten, Appellees.
No. 2009-CA-001145-MR.
Court of Appeals of Kentucky.
June 18, 2010.
Rehearing Denied September 1, 2010.
Discretionary Review Denied by Supreme Court June 9, 2011.
*473 John R. Steffen, and Dana Nickles (argued), Frankfort, KY, for appellant.
Luke Morgan, and Bobby H. Richardson (argued), Lexington, KY, for appellees.
Before VANMETER, Acting Chief Judge; ACREE and WINE, Judges.

OPINION
VANMETER, Acting Chief Judge:
The Kentucky Executive Branch Ethics Commission appeals from an opinion and order of the Franklin Circuit Court denying its motion for summary judgment, granting the motion for summary judgment filed by Betty Atkinson and other current and former property valuation administrators (PVAs) (collectively "Appellees")[1] and enjoining the Commission to dismiss the administrative charges against Appellees for alleged violations of the Executive Branch Code of Ethics. For the following reasons, we reverse and remand.
*474 The Commission is granted statutory authority to enforce provisions of the Executive Branch Code of Ethics. KRS[2] 11A.080 mandates that the Commission shall investigate any alleged violation of KRS Chapter 11A. In this case, pursuant to KRS 11A.080(1)(a), the Commission investigated the alleged violation of KRS Chapter 11A by Appellees, and found probable cause to believe a violation of KRS 11A.020(1)(c) had occurred. The alleged violation centered on the hiring of family members. As authorized by KRS 11A.080(4), the Commission, by majority vote, initiated administrative proceedings against Appellees to determine whether they had in fact violated 11A.020(1)(c). Pursuant to KRS 11A.100(1), which provides that provisions of KRS Chapter 13B shall apply to all commission administrative hearings, a hearing officer was appointed to conduct the administrative proceedings.
Before an administrative hearing was held, Appellees filed a declaratory judgment action in Franklin Circuit Court, asserting a justiciable controversy. Thereafter, the trial court entered an Agreed Order holding the related administrative proceedings in abeyance until further orders of the court. By way of an Amended Petition, Appellees asserted that KRS Chapter 11A does not apply to them because they are not "public servants" as defined in KRS 11A.010(9), and thus not subject to the Commission's jurisdiction.
This matter came before the trial court on cross-motions for summary judgment. Following an evidentiary hearing, the court concluded that the Executive Branch Code of Ethics, as codified in KRS Chapter 11A, does not apply to Appellees. The court held that since Appellees, as a matter of law, do not fall within the definition of "officer" or "public servant" under KRS 11A.010(7) and (9), they are local officials and the Commission lacked jurisdiction to bring administrative charges against them under KRS Chapter 11A. Because the court resolved the case on statutory grounds, the Commission's claim that Appellees' declaratory judgment action was premature for failure to exhaust administrative remedies became moot. The court further refrained from addressing the merits of Appellees' constitutional claims.[3] This appeal followed.
Summary judgment shall be granted only if "the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR[4] 56.03. The trial court must view the record "in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor." Steelvest, Inc. v. Scansteel Serv. Ctr., Inc., 807 S.W.2d 476, 480 (Ky.1991) (citations omitted). Further, "a party opposing a properly supported summary judgment motion cannot defeat it without presenting at least some affirmative evidence showing that there is a genuine issue of material fact for trial." Id. at 482 (citations omitted).
On appeal from a granting of summary judgment, our standard of review is "whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of *475 law." Lewis v. B & R Corp., 56 S.W.3d 432, 436 (Ky.App.2001) (citations omitted). Because no factual issues are involved and only legal issues are before the court on a motion for summary judgment, we do not defer to the trial court and our review is de novo. Hallahan v. Courier-Journal, 138 S.W.3d 699, 705 (Ky.App.2004).
The administrative charges brought by the Commission alleged that Appellees had violated the Executive Branch Code of Ethics by hiring or promoting a family member. KRS 11A.020(1)(c) provides: "No public servant, by himself or through others, shall knowingly: Use his official position or office to obtain financial gain for himself or any members of the public servant's family[.]"
KRS 11A.010(9) defines "public servant" as:
(a) The Governor; (b) The Lieutenant Governor; (c) The Secretary of State; (d) The Attorney General; (e) The Treasurer; (f) The Commissioner of Agriculture; (g) The Auditor of Public Accounts; and (h) All employees in the executive branch including officers as defined in subsection (7) of this section and merit employees[.]
(emphasis added). "Officer" is defined in relevant part by KRS 11A.010(7) as "all major management personnel in the executive branch of state government[.]"
Our review of the record indicates that PVAs are indeed "major management personnel in the executive branch of state government" and thus are "officers" subject to the Executive Branch Code of Ethics. Under KRS 132.370(1), PVAs are classified as "state officials" and "all deputies and assistants of their offices shall be unclassified state employees." KRS 132.370(3) further provides that "[PVAs] and all deputies and assistants of their offices who qualify as full-time employees shall be eligible for participation in the provisions of KRS 18A.205 [life insurance for state employees], 18A.230 to 18A.355 [public employees deferred compensation plan], and 61.510 to 61.705 [Kentucky employee retirement system]." PVAs' status as "state officials," the classification of their deputies and assistants as "state employees," and the fact that both PVAs and their deputies and assistants of their offices are eligible for state employee benefits evinces PVAs' status as "major management personnel in the executive branch of state government."
Caselaw has further recognized PVAs as "state officers serving both the Commonwealth and their respective counties." Allphin v. Butler, 619 S.W.2d 483, 484 (Ky. 1981) (citing Talbott v. Burke, 287 Ky. 187, 152 S.W.2d 586 (1941)). While PVAs are elected state officials, they are aided by and answerable to the Department of Revenue and obliged to comply with the Department's rules, regulation, direction, instruction, and supervision. Allphin, 619 S.W.2d at 484-85. Duties of PVAs
are detailed in KRS Chapters 131, 132, and 133. Their primary duties are to make the assessment of all property in their counties and to prepare property assessment records. KRS 132.420. Furthermore, they must assess all property at its fair cash value. KRS 132.450.
The PVAs do not perform their duties independently. In addition to working with various county officials, the PVAs must work with the Department of Revenue. The relationship between the PVAs and the Department is defined in bits and pieces throughout KRS Chapters 131, 132 and 133.
. . . .
We reiterate that the Department and the PVAs are both mandated to assess all property in Kentucky at is fair cash value. The statutory scheme set out by *476 the legislature in KRS Chapters 131, 132 and 133 contemplates a team effort. But there is no doubt that the Department is the team leader. No other conclusion is reasonable because the legislature has armed the Department not only with general supervisory powers over the PVAs, but also with specific controls to force the PVAs to comply with its directives. KRS 132.690(3) and KRS 132.370(4).
Id. See also Luckett v. Monson, 465 S.W.2d 719, 720 (Ky.1971) (in performing the PVA's duty to assess the taxable property of his county at full fair cash value, the PVA is subject to the direction, instruction and supervision of the Department of Revenue). Furthermore, a PVA may be removed from office by the Commissioner of Revenue. KRS 132.370(4). Thus, the extent to which PVAs are subject to the supervision and direction of the Department of Revenue suggests that PVAs are not local officials.
In addition, the office of PVA is funded in part by monies from state treasuries. Moreover, the exclusion of PVAs' conduct from any local code of ethics, as provided for under KRS 65.003,[5] reflects an implicit intent on behalf of the General Assembly for the Executive Branch Code of Ethics to apply to PVAs. Thus, the evidence suggests that PVAs are "major management personnel in the executive branch of state government."
Accordingly, we reverse and remand with directions for the trial court to dismiss this case, and lift its order holding the administrative proceedings in abeyance so that Appellees may exhaust their administrative remedies. As a general rule, exhaustion of administrative remedies is a jurisdictional prerequisite to seeking judicial relief, although exhaustion of administrative remedies is not necessary when attacking the constitutionality of a statute or regulation as void on its face "because an administrative agency cannot decide constitutional issues." Popplewell's Alligator Dock No. 1, Inc. v. Revenue Cabinet, 133 S.W.3d 456, 470 (Ky.2004). Here, Appellees have not challenged any provision of KRS Chapter 11A as void on its face. Rather, as their Petition for Declaration of Rights shows, Appellees assert that the Commission's application of the statute is an exercise of arbitrary government power. As stated by the Court in Popplewell:
When an administrative agency applies a statute unconstitutionally, it acts beyond the bounds of the constitution, rather than passing on a constitutional question. In other words, until a statute has been applied, there can be no unconstitutional application. This is the basis for the rule that one must first show injury as the result of a statutory application, before that application may be attacked as unconstitutional. Thus, exhaustion of administrative remedies is not futile to an as-applied challenge to a statute. Quite the contrary, it is the administrative action which determines the extent, if any, of the constitutional injury.
Id. (citations omitted). Thus, Appellees must exhaust their administrative remedies.
The opinion and order of the Franklin Circuit Court is reversed and this case is *477 remanded to that court for further proceedings consistent with this opinion.
ALL CONCUR.
NOTES
[1] Betty Atkinson, Bradford S. Bailey, Phillip R. Mobley, Joyce Parker, Vicky M. Reynolds, Julie R. Shields, Roger W. Tomes, Renee T. True, Ron G. Winters, Felicia M. Wooten, and James D. Wooten.
[2] Kentucky Revised Statutes.
[3] Appellees argued the Commission's application of KRS 11A.020(1)(c) violates due process of law and constitutes arbitrary government action.
[4] Kentucky Rules of Civil Procedure.
[5] KRS 65.003 empowers local government to adopt a code of ethics which applies to "elected officials." It provides, in part: "(1) . . . The elected officials of a city, county, or consolidated local government to which a code of ethics shall apply include the mayor, county judge/executive, members of the governing body, county clerk, county attorney, sheriff, jailer, coroner, surveyor, and constable[.]" KRS 65.003(1).