Larry "Butch" CARROLL, Appellant

v.

N.E. REED, Edmonson County Judge Executive, and Edmonson County Fiscal Court, Consisting of Bennie Simmons, Willie Lindsey, Clark Wood, Charles Rich, Johnny Brooks, and Neil Vincent, Appellees.

No. 2011–CA–002151–MR.

Court of Appeals of Kentucky.

March 14, 2014.

---

**3.** We observe that double jeopardy attaches when the jury is impaneled and sworn. *Car-* *dine v. Com.,* 283 S.W.3d 641 (Ky.2009).

Christopher Davenport, Bowling Green, KY, for Appellant.

Gregory Vincent Brownsville, KY, Charles E. English, Jr. Aaron D. Smith Bowling Green, KY, for Appellees.

Before COMBS, NICKELL and STUMBO, JUDGES.

## OPINION

STUMBO, Judge:

The appellant, Larry "Butch" Carroll, appeals an order of the Edmonson Circuit Court denying his motion to alter, amend, or vacate an order granting summary judgment to the appellees, N.E. Reed and the Edmonson County Fiscal Court (hereinafter "Fiscal Court"). We find that the Fiscal Court was entitled to judgment as a matter of law; therefore, the decision of the circuit court is affirmed.

On March 1, 2011, Edmonson County Fiscal Court Ordinance EC–11–03 came into effect. The ordinance provides the following:

1. Effective from and after March 1, 2011, all net income and net fees from the Offices of the Edmonson County Sheriff and Edmonson County Clerk shall be paid over to the County Treasurer, such payment to be on a monthly basis and not later than the 10th day of each month for the net income and net fees collected in the preceding month.

2. "NET INCOME" and "NET FEES" shall mean all income and all fees collected less only applicable refunds to customers.

3. The expenses of and the expenditures by the Offices of the Edmonson County Sheriff and Count[y] Clerk shall be pre-approved and paid by the [C]ounty [T]reasurer in accordance with the purchase order system adopted by the Edmonson County Fiscal Court. Provided however; the Sheriff and County Clerk shall certify to the Treasurer for payment each pay period, the names and hours of each employee of their respective offices who worked during such pay period and the Treasurer shall pay such payrolls without the necessity of any purchase order.

4. The Sheriff and the County Clerk shall draw no check upon the fee accounts other than the check to pay over the net income and net fees of the fee accounts to the County Treasurer.

5. The Sheriff and the County Clerk shall be compensated at the maximum rate permitted by law.

6. The provisions of this Ordinance are severable and if any provision or part thereof shall be held invalid or unconstitutional or inapplicable to any person or circumstance, such invalidity, unconstitutionality or inapplicability shall not affect or impair the remaining provisions of this Ordinance.

EC–2011–03.

Carroll, the Edmonson County Clerk, refused to comply with the ordinance and the Edmonson County Fiscal Court threatened to bring criminal charges against him for noncompliance. In response, Carroll filed a verified complaint for declaratory judgment and injunctive relief. The Fiscal Court responded and brought forth a counterclaim alleging Carroll incurred official expenses beyond those the Fiscal Court pre-approved, resulting in a $21,163 reimbursement obligation. On August 8, 2011, Carroll's counsel requested dates for depositions of the Fiscal Court members. The Fiscal Court did not respond and on August 19, 2011, filed a motion for summary judgment. The Fiscal Court also requested a protective order to disallow Carroll from conducting discovery.

On October 20, 2011, the circuit court issued an order finding the ordinance to be a valid exercise of the Fiscal Court's authority, dismissing Carroll's claims, and reserving the Fiscal Court's counterclaim. Carroll proceeded to file a motion to vacate, alter, or amend the judgment. On November 21, 2011, the circuit court denied the motion. This appeal followed.

On appeal, Carroll asserts that the ordinance exceeds the authority of the Fiscal Court and conflicts with existing state laws. Carroll also asserts that the ordinance is unconstitutional; however, this argument is unpreserved.[1] Lastly, Carroll asserts that summary judgment was premature because no discovery was conducted. For the reasons set forth below, we disagree.

The standard of review on appeal of a summary judgment is whether the trial court correctly found that there were "no genuine issues as to any material fact and that the moving party [was] entitled to a judgment as a matter of law." Kentucky Rules of Civil Procedure (CR) 56.03. A grant of summary judgment "is proper only where the movant shows that the adverse party cannot prevail under any circumstances." *Steelvest, Inc. v. Scansteel Service Center,* 807 S.W.2d 476, 479 (Ky.1991). When reviewing an order granting summary judgment, it is not necessary for us to give deference to the trial

---

1. Carroll failed to notify the attorney general as required by KRS 418.075. As a result, his constitutional claim is unpreserved and will not be reviewed. *Kessler v. Switzer,* 289 S.W.3d 228, 232 (Ky.App.2009).

court's findings. *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky.App.1996). Also, because the case involves the interpretation and application of a county ordinance and relevant statutes, the issue is a question of law that must be reviewed *de novo*. *Commonwealth v. Jameson*, 215 S.W.3d 9, 15 (Ky.2006).

In *Sheffield v. Graves*, 337 S.W.3d 634 (Ky.App.2010), this Court addressed the 2006 revision to KRS 64.530[2] and discussed the manner in which fiscal courts can control the compensation of county officers and employees. We noted therein that fiscal courts are given a measure of control over the county clerk's office. *Id.*; KRS 67.080(1)(c)(The fiscal court may "[r]egulate and control the fiscal affairs of the county."); KRS 67.080(2)(a)(The fiscal court shall "[a]ppropriate county funds, according to the provisions of KRS 68.210 to 68.360, for purposes required by law[.]") Indeed, "the traditional role of fiscal courts is setting legislative and fiscal policy." *Id.* at 639 (quoting *Fiscal Court of Taylor County v. Taylor County Metro. Police*, 805 S.W.2d 113, 115 (Ky.1991)). In *Sheffield*, we concluded that if the legislature intended to alter the role of the fiscal court, it would have done so explicitly. 337 S.W.3d at 639. Rather than alter the fiscal court's role, this Court concluded that the revision "simply [meant] that revenue received by the county clerk may be used only to fulfill [the clerk's] statutory duties and for no other purpose." *Id.*

Carroll avers that the ordinance in question exceeds the authority of the Fiscal Court. However, in *Sheffield*, this Court confirmed that the General Assembly gave the fiscal court authority to collect excess fees from the county clerk,

determine the maximum expenditures of the clerk's office, and conduct financial accounting. *Id.* The ordinance in question does not implicate powers not already afforded to the fiscal court by KRS Chapter 64. The circuit court properly relied on *Sheffield* when it granted the motion for summary judgment. Also, contrary to Carroll's contention, the ordinance is not inconsistent with the requirements set forth in KRS 64.152, which require the clerk to account for expenses and to relinquish excess income. The ordinance merely allows the Fiscal Court to exercise a degree of financial control throughout the year.

Carroll also argues that the ordinance is invalid because the Clerk is not a local official subject to control by the Fiscal Court. However, there is no indication in existing case law that county clerks are state officials. Instead, in *Kentucky Executive Branch Ethics Commission v. Atkinson*, 339 S.W.3d 472 (Ky.App.2010), this Court determined that property value administrators, who were not bound by local ethics code, but only the state ethics code, were state officials. County clerks, on the other hand, are subject to the code of ethics adopted by local government, KRS 65.003; therefore, they are considered local officials subject to a measure of control by the fiscal court.

Lastly, we turn to Carroll's argument regarding the timing of the motion for summary judgment. The validity of the ordinance can be determined without conducting discovery because it involves a question of law. *See Hibbitts v. Cumberland Valley Nat. Bank & Trust Co.*, 977

---

2. The revision stated that "[a]ny revenue received by a county clerk in any calendar year shall be used exclusively for the statutory duties of the county clerk and budgeted accordingly." KRS 64.530(3).

S.W.2d 252, 254 (Ky.App.1998). As a result, the grant of summary judgment was not premature.

We must also note that another panel of this Court has recently ruled on an identical ordinance in the case of *Jerrell v. McCracken County Fiscal Court*, 2013 WL 645935 (Ky.App.2013).[3] The Court in that case came to the same conclusion we do in the case *sub judice*.

For the reasons set forth above, the decision of the circuit court is affirmed.

ALL CONCUR.

---

**3.** This case is cited pursuant to CR 76.28(4)(c).